UNITED STATES of America,
Plaintiff-Appellee,

v.

Federico Cruz GONZALEZ,
Defendant-Appellant.

No. 84–2701.

United States Court of Appeals,
Tenth Circuit.

July 10, 1985.

Before BARRETT, McWILLIAMS and McKAY, Circuit Judges.

ORDER AND JUDGMENT

In accordance with 10th Cir.R. 9(e) and Fed.R.App.P. 34(a), this appeal came on for consideration on the briefs and record on appeal.

This matter is before the court on defendant-appellant's renewed application for bail pending appeal pursuant to Fed.R.App.P. 9(b). In the interest of justice, we partially remand the matter to the district court for reconsideration of defendant's application for release pending appeal under the standards announced by our decision in *United States v. Affleck*, 765 F.2d 944 (10th Cir.1985). Accordingly, the matter is partially remanded for such further proceedings as are appropriate. *See* 10th Cir.R. 17(b).

Upon the conclusion of the proceedings contemplated by this order, the district court shall promptly certify the record of the proceedings as a supplemental record. Further, the parties shall, within ten days of the transmittal of the supplemental record on appeal, furnish statements of their respective positions regarding the proceedings on remand.

The partial mandate shall issue forthwith.

McKAY, Circuit Judge, concurring in part and dissenting in part in the matter of the motion for bail pending appeal:

Although the government thinks otherwise, I agree with the panel that the trial court did not deny bail in this case on the ground of the risk of flight. Indeed, if the court had done so, it would have been reversible error. The appellant was at large for two months after being found guilty but before sentencing. The appellant was allowed 30 more days at large following sentencing. The appellant was allowed to surrender himself to the place of confinement. The place of confinement is the most minimal security institution available. Under these circumstances, it would be a clear abuse of discretion to deny bail pending appeal on the ground that the defendant is a risk of flight.

On the issue of substantiality of the questions raised on appeal, I believe the issues raised meet the court's test set forth in *United States v. Affleck*, 765 F.2d 944 (10th Cir.1985). Even if they did not meet the test, I would still grant bail for the reasons set forth in my dissent in those two cases.

Absent the granting of such a proposal, I do not dissent from remanding this case to the trial court for further consideration in light of the court's opinion in *United States v. Affleck*, 765 F.2d 944 (10th Cir. May 24, 1985).